UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-01076 |
| ) | CHIEF JUDGE CRENSHAW |
| TAMMIE FORD, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Plaintiff, Derrick Walker, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He has filed *pro se* a prisoner Complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an Application to proceed in forma pauperis (Doc. No. 2).

It appears from his Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Therefore, the Application is **GRANTED.** The Clerk shall file the Complaint in forma pauperis. 28 U.S.C. § 1915(a). However, process shall **NOT** issue at this time.

The Plaintiff is hereby **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

1

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

On May 29, 2017, several members of a prison gang at the Whiteville Correctional Facility (WCF) gained access to the Plaintiff's cell where he was stabbed multiple times. (Doc. No. 1 at 3.) According to the Complaint, a guard (Officer Parks) assisted the gang members and made the attack possible. (Id.) The Plaintiff alleges that all the Defendants created "a dangerous condition of confinement by failing to prevent this stabbing despite Plaintiff's repeated warnings to WCF Staff of the potential harm to his person." (Id.) In addition, the Plaintiff claims that the Defendants were deliberately indifferent to his serious medical needs after the attack. (Id.)

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). That provision requires that an action, such as the instant case, be brought only in (1) a judicial district where any Defendant resides, if all Defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the Defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The Plaintiff has named as defendants Tammie Ford, Warden of WCF, four members of the

WCF staff (Howell, Parks, John Doe #1 and John Doe #2), and Corizon Medical Services, the health care provider for the inmates at WCF. All of these Defendants can be found in or around Hardeman County. The Plaintiff's claims arose at the Whiteville Correctional Facility in Hardeman County. Since Hardeman County lies within the Western District of Tennessee, 28 U.S.C. § 123(c)(1), venue for this action properly belongs in that judicial district.

Accordingly, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Western District of Tennessee, Eastern Division at Jackson, Tennessee. 28 U.S.C. § 1406(a). The Clerk is further instructed to send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE